January Term, 1861.

ROGERS
v.
THE CITY OF MILWAUKEE.

---

ROGERS vs. THE CITY OF MILWAUKEE.

The facts material to the plaintiff's cause of action, should be positively averred, either upon knowledge or upon information and belief, and should not be left to be *inferred* from other facts alleged.

Where the action was brought to restrain the issuing of deeds upon sales of the plaintiff's lands for certain assessments, upon the ground that the sales were invalid, if the complaint averred positively one defect in the assessment proceedings fatal to the validity of the sales, it would not be demurrable, though a large part of its averments were immaterial.

Where work is ordered to be done in front of lots in the city of Milwaukee by the street commissioners, it is essential that they should first give *notice* to the lot owners to do the work, before they can let it by contract to other parties, and the want of such notice would be fatal to the sale of such lots on assessments to pay the amount due on such contracts.

APPEAL from the Circuit Court for *Milwaukee* County.

*Jas. S. Brown,* for appellant.

*J. La Due,* for respondent.

May 15.  *By the Court,* PAINE, J.  This action was brought to restrain the execution of certain tax deeds upon certificates of sales of the plaintiff's lands for taxes.  The defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action, and the demurrer was sustained, from which order this appeal was taken.

It is undoubtedly true that a large part of the complaint

is not good pleading. The plaintiff relied on an absence of preliminary proceedings, essential to the validity of the tax sales. But instead of averring either of his own knowledge or upon information and belief that such proceedings were not had, he only averred that he had searched in the proper offices for the evidence that they were had, and failed to find it. The only issue that could be made upon such allegations would be, whether he had searched and found the evidence or not, which would be entirely immaterial.

But while such was the character of a large part of the complaint, we think that there was one defect averred with sufficient directness to save the complaint from being demurrable. It avers that the street commissioners were bound by law to give reasonable and timely notice, in order that the owners and occupants of lots on said street might do said work, and the plaintiff, on information and belief, denies that any such notice was given, &c. The giving of such notice was undoubtedly essential to the validity of the contracts on which the certificates were issued, and therefore to the validity of the sales. And the want of such notice is positively alleged on information and belief. This seems to us sufficient to make out a cause of action, and the order sustaining the demurrer must be reversed, with costs, and the cause remanded for further proceedings.